[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION TO VACATE ARBITRATION AWARD #101 DEFENDANT'S APPLICATION TO AFFIRM ARBITRATION AWARD #106
On September 22, 1998, the plaintiff, International Association of Firefighters Local 998, AFL-CIO, filed a grievance with the defendant, Town of Stratford, alleging that the defendant violated various provisions of their collective bargaining agreement when it refused to recognize the grievant/fire fighter Kenneth Batoh's employment date of January 15, 1973, for pension and benefit purposes. The plaintiff submitted the dispute to the State Board of Mediation and Arbitration (board) as required under the agreement, and the board scheduled a hearing for March 28, 2000.
On January 20, 2000, the defendant sent notice to the board and the plaintiff that the defendant would contest the grievance as not arbitrable. A panel of arbitrators conducted the hearing on the issue of arbitrability on March 28, 2000. During the course of the hearing, the plaintiff asserted that because the defendant was raising the claim of arbitrability, only the defendant was required to file an initial brief and the plaintiff need only file a reply brief. The defendant preferred that both parties file briefs and then reply briefs at their option. The panel indicated that it would order the parties to file "simultaneous briefs" and would set a date for them to file reply briefs. (Certification of record, exhibit 20, transcript, pp. 13-14.) At the conclusion of the hearing, the panel ordered the parties to file initial post-hearing briefs on or before May 15, 2000, and post-hearing reply briefs by May 31, 2000. (Certification of record, exhibit 20, transcript, pp. 29-30.) The defendant filed an initial post-hearing brief on May 10, 2000. The plaintiff did not file an initial post-hearing brief, but filed a reply brief and cover letter on May 31, 2000.
On May 23, 2000, the defendant filed a formal objection with the board CT Page 7599 seeking to prohibit the plaintiff from filing a post-hearing brief because the plaintiff failed to meet the May 15th briefing deadline. On May 30, 2000, the board's director sent the plaintiff two letters requesting that the plaintiff state its position on the defendant's objection. On June 2, 2000, the plaintiff responded to the director's inquiry by stating that the plaintiff had reserved the right to file a post-hearing reply brief and did not need to file an initial post-hearing brief. The board informed the plaintiff on August 16, 2000, that it would not accept the plaintiff's reply brief.
On August 23, 2000, the panel issued its decision on the issue of arbitrability. Pursuant to an unrestricted submission,[1] the panel found that the plaintiff had not filed the grievance within the time provided for in the agreement and, therefore, the grievance was not arbitrable. In making the foregoing decision, the board considered only the defendant's brief because of its prior decision that it would not accept the plaintiff's reply brief.
The plaintiff filed an application to vacate the arbitration award pursuant to General Statutes § 52-418(a)(4).[2] Additionally, the plaintiff argues that the arbitration award should be vacated because it violates public policy and due process. The defendant filed an application to confirm the arbitration award pursuant to General Statutes § 52-417. Both parties have filed memoranda of law in support of their positions. On February 26, 2001, this court held a hearing on the defendant's application and heard argument from both parties.
"The well established general rule is that [w]hen the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . . Furthermore, in applying this general rule of deference to an arbitrator's award, [e]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' acts and proceedings." (Citations omitted; internal quotation marks omitted.)Groton v. United Steelworkers of America, 254 Conn. 35, 43-44, 757 A.2d 501
(2000). "In Garrity v. McCaskey, supra, 223 Conn. 6, [the Supreme Court] listed three recognized grounds for vacating an award: (1) the award rules on the constitutionality of the statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or CT Page 7600 more of the statutory proscriptions of [General Statutes] § 52-418
(a). . . . The judicial recognition of these grounds for vacatur evinces a willingness, in limited circumstances, to employ a heightened standard of judicial review of arbitral conclusions, despite the traditional high level of deference afforded to arbitrators' decision when made in accordance with their authority pursuant to an unrestricted submission." (Citations omitted; internal quotation marks omitted.) Schoonmaker v.Cummings Lockwood of Connecticut, P.C., 252 Conn. 416, 428, 747 A.2d 1017
(2000).
The plaintiff moves to vacate the arbitrators' award on the ground that the board's decision not to accept the plaintiff's reply brief violates public policy. Specifically, the plaintiff argues that Connecticut Agency Regulation § 31-91-41, which provides that "[p]arties wishing to reserve their right to a reply brief shall do so at the hearing, "gives the plaintiff the right to file a reply brief and therefore, the board's decision violates "clear and explicit" public policy and is subject to de novo review. The plaintiff further argues that because the board's decision clearly violates public policy as established by Connecticut Agency Regulation § 31-91-41, the arbitration award must be vacated because the board has "exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418(a)(4).
Alternatively, the plaintiff argues that the board's decision violated its right to procedural due process because the plaintiff was not provided the opportunity to be heard at a hearing, to produce evidence, or to know the facts upon which the board acted in denying its right to file a reply brief, and therefore, the plaintiff was denied a full and fair hearing. The plaintiff further argues that the board's decision also deprived the plaintiff of having its argument on the issue of arbitrability heard on the merits because the board made the arbitration award based upon the defendant's position without considering the plaintiff's arguments.
The defendant argues that the plaintiff's reliance on Connecticut Agency Regulation § 31-91-41 is insufficient to establish an explicit, well-defined and dominate public policy and, because the plaintiff fails to allege a legitimate and colorable claim for violation of public policy, the board's decision is not subject to de novo review. The defendant also argues that the board provided the plaintiff adequate due process by specifically soliciting and taking into consideration comments from both parties concerning their positions as to whether the board should accept the plaintiff's reply brief. The defendant further argues that the board's decision as to the arbitration award did not violate the plaintiff's due process rights because the plaintiff was able CT Page 7601 to advance its arguments, and did so, at the March 28, 2000, hearing.
"[W]hen a challenge to a voluntary arbitration award rendered pursuant to an unrestricted submission raises a legitimate and colorable claim of violation of public policy, the question of whether the award violates public policy requires de novo judicial review. . . . The public policy exception applies only when the award is clearly illegal or clearly violative of a strong public policy. . . . A challenge that an award is in contravention of public policy is premised on the fact that the parties cannot expect an arbitration award approving conduct which is illegal or contrary to public policy to receive judicial endorsement any more than parties can expect a court to enforce such a contract between them. . . . When a challenge to the arbitrator's authority is made on public policy grounds, however, the court is not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award. . . . Accordingly, the public policy exception to arbitral authority should be narrowly construed and [a] court's refusal to enforce an arbitrator's interpretation of [collective bargaining agreements] is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant. . . . The party challenging the award bears the burden of proving that illegality or conflict with public policy is clearly demonstrated." (Citations omitted; internal quotation marks omitted.)Groton v. United Steelworkers of America, supra, 254 Conn. 45-46.
Connecticut Agency Regulation § 31-91-41 provides, in relevant part: "a) After the presentation of evidence, each party shall be permitted to file a brief. b) The panel may require the parties to submit briefs on the issue or issues of the dispute and may require a brief on a particular point or question. c) The briefing schedules agreed upon by the parties and the arbitrator or arbitrators shall be strictly adhered to and the parties shall submit their briefs directly to the panel and to the opposing party with a copy to the board in accordance with the schedule. Parties wishing to reserve their right to a reply brief shall do so at the hearing. . . . Late briefs shall be returned to the filing party."
Connecticut Agency Regulation § 31-91-41 does not establish an explicit, well-defined and dominate public policy that a party who fails to abide by the arbitrators' order to simultaneously file an initial post-hearing brief has a right to file a reply brief. Connecticut Agency Regulation § 31-91-41 mandates that briefing schedules agreed upon by the parties "shall be strictly adhered to" and that the board is to return late briefs to the filing party. The transcript of the March 28, 2000 hearing clearly indicates that the arbitrators' ordered the parties to file initial post-hearing briefs by May 15, 2000, and reply briefs by May 31st and that the parties agreed to this order. (Certificate of CT Page 7602 record, exhibit 20, transcript, pp. 13-14 and 29-30.) The plaintiff did not strictly adhere to the briefing schedule and therefore, the board determined that it would not accept the plaintiff's reply brief. The plaintiff fails to meet its burden of proving that the board's decision not to accept the plaintiff's reply brief clearly demonstrates illegality or conflict with public policy. The plaintiff failed to establish that enforcement of the board's decision not to accept the plaintiff's reply brief is unlawful. See Groton v. United Steelworkers of America, supra,254 Conn. 246 (when challenge is made on public policy grounds, court is only concerned with the lawfulness of enforcing the arbitrators' award.) "Where there is no clearly established public policy against which to measure the propriety of the [arbitrators'] award, there is no public policy ground for vacatur." Schoonmaker v. Cummings Lockwood ofConnecticut, P.C., supra, 252 Conn. 429. Accordingly, because there is no clearly established public policy requiring the board to accept briefs filed outside of the briefing schedule, the plaintiff fails to establish that it has a legitimate claim for violation of public policy and de novo review will not be applied to the present case.
Additionally, the plaintiff's argument claiming that the board violated General Statutes § 52-418(a)(4) fails because it is premised solely upon the plaintiff's argument that the board's decision is contrary to public policy.
Alternatively, the plaintiff argues that the board's decision violated its right to procedural due process. "Hearings before administrative agencies . . . although informal and conducted without regard to the strict rules of evidence, must be conducted so as not to violate the fundamental rules of natural justice. . . . Due process of law requires not only that there be due notice of the hearing but that at the hearing the parties involved have a right to produce relevant evidence, and an opportunity to know the facts on which the agency is asked to act, to cross-examine witnesses and to offer rebuttal evidence." (Citation omitted; internal quotation marks omitted.) Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 536, 525 A.2d 940 (1987). "Due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In this case, the board provided the plaintiff with adequate due process by specifically soliciting and taking into consideration the plaintiff's arguments as to why the board should accept the plaintiff's reply brief. The plaintiff was not denied its right to due process as to the merits of the arbitration claim because the plaintiff was given due notice of the hearing, was able to produce relevant evidence, had the opportunity to know the facts on which the board acted, and was able to cross-examine witnesses and offer rebuttal evidence at the March 28, 2000 hearing. CT Page 7603
For the foregoing reasons, the defendant's application to affirm the arbitration award is granted and the plaintiff's application to vacate the arbitration award is denied.
RUSH, J.